THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD B. SAVAGE, Respondent, *v.* RICHARD HUTCHINGS, as Superintendent of the St. Lawrence State Hospital for the Insane, Appellant, and HOOD RUBBER COMPANY et al., Appellants.

Insane persons — erroneous order in habeas corpus proceedings discharging person from state hospital for insane upon his consent to comply with certain conditions.

An order discharging, as a matter of right, under a writ of habeas corpus, a person committed to a state hospital for the insane, and directing that it may be vacated and the person recommitted without a further hearing, in case he violates directions therein to which he consented, is erroneous and illegal.

*People ex rel. Savage* v. *Hutchings*, 172 App. Div. 914, reversed.

(Argued June 13, 1916; decided October 24, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

January 13, 1916, which affirmed an order of Special Term discharging the relator, an alleged insane person, from the custody of the superintendent of the St. Lawrence State Hospital for the Insane, and from further detention under a commitment to that institution.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General,* for superintendent of St. Lawrence State Hospital, appellant.

*Daniel J. Kenefick* and *Pierpont L. Stackpole* for Hood Rubber Company et al., appellants.

*Harold H. Corbin, Edgar T. Brackett* and *C. Bertrand Race* for respondent. The provision in the release, that Savage shall not go into the state of Massachusetts and that he shall report at specified times, is proper and was well within the power of the court to make. There is no hard and fast rule requiring either an unconditional release or a return to custody. (*Matter of Andrews,* 126 App. Div. 794; *Matter of Welch,* 74 N. Y. 299; *Matter of King,* 42 Hun, 610; *Matter of Knowack,* 158 N. Y. 491; *Matter of Wentz,* 9 Misc. Rep. 242; *Matter of Dickie,* 7 Abb. [N. C.] 417; *Matter of Colah,* 3 Daly, 529; *Biggs v. Terry,* 1 Myl. & C. 675.)

COLLIN, J. In May, 1914, Fred W. Savage was an inmate of the St. Lawrence State Hospital for the Insane by virtue of a commitment, as provided by the Insanity Law of the state. This proceeding was instituted by the petition of the relator alleging that Fred W. Savage was sane and entitled to his liberty, and the writ of habeas corpus issued to the superintendent of that institution in accordance with the prayer of the petition. The return to the writ alleged that Fred W. Savage was insane. The return was traversed and an extended hearing con-

cerning the sanity of said Savage was had. The final order, apart from the usual and formal recitals and an immaterial provision, is as follows:

" And it appearing to my satisfaction that said Fred W. Savage, the prisoner, is unlawfully imprisoned and restrained in his liberty and is entitled to be discharged, and that the justice of the case requires his discharge,

" And the counsel for the relator and the prisoner having consented that if a discharge should be granted, a provision be inserted in the order that said prisoner shall not go into the State of Massachusetts where said Hood Rubber Company, its officers and employees reside, and shall report at specified intervals, either personally or in writing, to a person to be named by me, and it appearing to my satisfaction from the testimony that such a provision in the order will be a sufficient restraining influence upon said Fred W. Savage, and that he will observe and comply with such provisions, * * *

" Ordered, that the said Fred W. Savage be, and he hereby is forthwith discharged from the custody of Richard H. Hutchings, as superintendent of the St. Lawrence State Hospital for the Insane, and from further detention under and by virtue of the commitment of the Surrogate of Washington county, made on the 20th day of February, 1911, and it is further

" Ordered, that the said Fred W. Savage shall not hereafter enter the State of Massachusetts for any purpose, and that he shall report once every month to C. Bertrand Race, Esq., of Albany, N. Y., either personally or in writing, and, the relator and prisoner consenting, it is further

" Ordered, that if the foregoing directions, or either of them, are violated, by said Fred W. Savage, without good reason, or wilfully, then the judge making this order, or any other Supreme Court Justice of the Fourth Judicial District, may, in his discretion, vacate this order and recommit him forthwith to the St. Lawrence Hospi-

tal for the Insane, with or without any further hearing, and it is further

"Ordered that the said Fred W. Savage may, after the expiration of two years from the date hereof, apply at the foot hereof for such modification of this order, or for such relief as he may be advised."

The Appellate Division, by a decision not unanimous, affirmed the order. The order is erroneous and illegal. It, in form, discharges the prisoner from the custody and detention provided by the commitment, because, as stated by the recital, he was "unlawfully imprisoned and restrained in his liberty and is entitled to be discharged." It is manifest that it was not granted in the exercise of a discretion, but as a matter of right. Inasmuch as it states that the imprisonment was unlawful and orders the discharge as a matter of right it seemingly decides and adjudges that the prisoner was sane. The fact that he was sane is essential to its validity and correctness. The provisions of the order, however, declare in substance and in their operation and effect that he was not sane and was insane. The provision that in case he wilfully or without reason violated either of the directions of the order "the judge making this order, or any other Supreme Court Justice of the Fourth Judicial District, may, in his discretion, vacate this order and recommit him forthwith to the St. Lawrence State Hospital for the Insane with or without any further hearing" wholly lacks justification or authority in case he was sane. His consent did not supply any authority or justification. It is obvious, beyond the need of discussion, that the court could not with or without his consent order that he, as a sane person, be committed, for any reason to an institution, state or private, for the insane. Of a like, though less forceful import, is the statement in the order that the prohibition to the prisoner of going into the state of Massachusetts will, as appears to the satisfaction of the court from the testimony, "be a suffi-

cient restraining influence upon said Fred W. Savage, and that he will observe and comply with such provisions." This order apparently adjudged that the prisoner is sane. It is based, in part, upon his consents, thereby declaring, through implication, that he is sane, and yet accepts his consent as a restraining influence and makes provision for his summary and arbitrary imprisonment in case he violates his consent. As an adjudication it is contradictory, ambiguous and indecisive and it is in part, at least, void. It is apparent, furthermore, from the provisions of the order that the consents of the prisoner may have had and probably did have a material influence and persuasion toward the making of the order. It states, expressly, that the discharge is based in part upon them. Bearing in mind that the discharge was ordered as a legal right of the prisoner it is clear that the consents were irrelevant and should have been wholly disregarded by the court. Parties litigant have and should be awarded the right to be clearly and accurately informed by the judgment, order or process of the court as to what the court did in fact decide and adjudge and to have the adjudications rest upon legal grounds.

For the reasons stated the order of the Appellate Division and that of the Special Term should be reversed, without costs, and the proceeding dismissed, but without prejudice to a new proceeding.

Willard Bartlett, Ch. J., Cuddeback, Hogan and Pound, JJ., concur; Hiscock, J., not voting.

Orders reversed, etc.