HOLDERBAUM *v.* WATKINS, SUPT.

[Cite as Holderbaum v. Watkins (1974),
44 Ohio App. 2d 253.]

(No. 1-74-31—Decided May 1, 1974.)

*Mr. Herman R. Holderbaum, in propria persona.*

*Mr. William J. Brown,* Attorney General, and *Mr. Michael J. Bender,* for respondent.

GUERNSEY, P. J.  Petitioner was committed and confined to the Lima State Hospital pursuant to R. C. 2945.39 having been found not guilty by reason of insanity of a crime for which he had been indicted. Having been brought before this Court to be heard on a writ of habeas corpus issued pursuant to his petition it appears from the return and representations of the respondent Superintendent of the Lima State Hospital that the petitioner is now sane and entitled to his freedom and we so find. The petitioner asserts that his freedom should be unconditional whereas the respondent claims that his release should be subject for one year to conditions as to sponsorship, residence with a

sponsor, monthly reports to the respondent, seeking of employment, non-use of alcoholic beverages and drugs except on physician's prescription, and follow-up psychiatric care. Petitioner claims that the imposition of such conditions would be an unconstitutional deprivation of his liberty.

There is no doubt that with some types of commitments to Lima State Hospital or some types of releases therefrom conditions may be imposed or the release may be qualified. For instance, the release pursuant to a writ of habeas corpus of a patient committed under R. C. 2945.38 until restored to reason to stand trial, and who has been restored to reason, is normally conditioned on his being returned for trial. Similarly, such a patient who is unlikely ever to attain the mental competency necessary to stand trial is entitled on a petition for a writ of habeas corpus to a release from Lima State Hospital, conditioned or qualified, however, that he be turned over to a proper court for civil commitment. *Burton* v. *Reshetylo, Supt.*, 38 Ohio St. 2d 35.

In this instance we have, however, a patient who has been tried and found *not guilty* of the criminal charges against him and who has been determined by the respondent and this court to be presently sane. At least since the case of *In re Remus*, 119 Ohio St. 166, it has been the law of Ohio that a person committed to the Lima State Hospital, having been found not guilty by reason of insanity, is entitled to pursue the remedy of habeas corpus to obtain a release therefrom, and, if upon hearing is found then sane, is unlawfully restrained of his liberty and entitled to release forthwith. That case did not consider the question of a conditional or qualified release but it will be observed that the release of the petitioner therein was wholly without condition and Judge Jones, speaking for the majority of the court concurring in his opinion, quoted with approval at page 175 thereof the following from the opinion of this court:

" * * * a majority of the court are clearly convinced, and therefore find, that petitioner, Remus, is sane, which finding entitles him to be released from Lima State Hos-

pital, which, as we have pointed out, and now again emphasize, *is solely for the insane. * * *"*

It is true that certain classes of sane patients are now permitted under other provisions of law to be held at Lima State Hospital but any commitment under R. C. 2945.39 is still solely for the insane.

The absurdity of a conditional or qualified release in situations such as here is that the conditions or qualifications could not be enforced. Recommitment for breach of condition would have to be immediately followed by release by reason of sanity.

We then have as the petitioner an adult who has been found sane pursuant to a writ of habeas corpus, who has not been convicted of any crime or is not suffering under any disability under the law, and who is entitled to his release forthwith from the Lima State Hospital. His legal situation is equivalent to any other sane adult not convicted of any crime and not suffering under any legal disability.

A condition or qualification on liberty constitutes a restraint of liberty. Any conditions or qualifications now placed upon petitioner's freedom and liberty would deny him the equal protection of the laws, deprive him of his liberty without due process of law, and deprive him of the right to enjoy liberty. We find, therefore, that insofar as the provisions of R. C. 2945.39 purport to permit the imposition of conditions or qualifications upon the release from custody of a person confined to the Lima State Hospital under the provisions of said section and found to be sane pursuant to a writ of habeas corpus, such provisions are unconstitutional being contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and Sections 1 and 2 of Article I of the Constitution of Ohio. See also *People* v. *Hutchings,* 219 N. Y. 200, 114 N. E. 45, cited in 39 Corpus Juris Secundum 691, Habeas Corpus, Section 102b, note 4.

*Unconditional release ordered.*

COLE and MILLER, JJ, concur.